IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERNEST TYMS                                                                                          PLAINTIFF

VERSUS                                                    CIVIL ACTION NO.  5:07cv44DCB-MTP

ERIC KAHO, KARL PREE, and ART THOMAS                                    DEFENDANTS

OPINION AND ORDER

On March 1, 2007,  the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.   An order [11] was entered on May 22, 2007, directing the plaintiff to file a written response within 20 days.  The plaintiff was warned in this court's orders [3 & 4] of March 2, 2007, as well as the notice of assignment that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint.  Plaintiff failed to comply with th order [11] of May 22, 2007.

Upon further review of the record, this court entered an order [13] on August 17, 2007, directing the clerk to change the plaintiff's address to his home address as provided by the plaintiff in his change of address [8] on March 20, 2007.  This order [13] also granted the plaintiff an extension of time to comply with the order [11] of May 22, 2007.  The plaintiff was directed to respond by September 4, 2007.  When the plaintiff failed to comply, an order to show cause [14] was entered on September 17, 2007.  This order to show cause [14] directed the plaintiff to respond on or before October 1, 2007.  Once again, the plaintiff has failed to comply with an order of this court.  In fact, this court finds that the plaintiff has not contacted this court since March 27, 2007.

It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   10th   day of December, 2007.


       s/ David Bramlette
    UNITED STATES DISTRICT JUDGE